UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CANDICE COLE<br>*Plaintiff,*<br><br>v.<br><br>SANDEL MEDICAL<br>INDUSTRIES, L.L.C.<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. SA-09-CA-0597-FB |

# JOINT FED.R.CIV.P. 26(f) REPORT

Plaintiff Candice Cole ("Cole"), and Defendant Sandel Medical Industries, L.L.C. ("Sandel") have, under Federal Rule of Civil Procedure 26(f), conferred to consider the nature and basis of their claims and defenses, arranged for disclosures under Federal Rule 26(a)(1), and developed a proposed discovery plan. Both Plaintiff and Defendant find the following agreeable:

1. The parties held a conference on XXXXX, 2009. The meeting was attended by Ms. Rebecca K. Lively and Charles W. Hanor for Defendant and Mr. Kenneth Grubbs for Plaintiff.

2. Neither party foresees any changes in form or requirements of mandatory disclosures under Federal Rule 26(a) and Local Rule CV-16.

3. The parties will exchange by October 9, 2009 the information required by FRCP 26(a)(1).

4. The parties proposed the following discovery plan:

    a. At this time, the parties anticipate needing discovery on the following subjects:

      1)     Whether the submission form on Defendant's website is contractual in nature;

      2)     Whether Plaintiff was the original submitter of the TIME OUT Beacon or Towel;

      3)     Whether any alleged promises on the submission page are fraudulent in nature;

      4)     Whether Plaintiff was invited by an agent for Plaintiff to submit her idea;

      5)     Whether Defendant's website promised that Defendant would not market any products from Plaintiff's submission without first negotiating with Plaintiff;

      6)     Whether Plaintiff and Defendant entered into a contract for Plaintiff's submission;

      7)     Whether any alleged contract is complete and enforceable;

      8)     Whether Plaintiff is entitled to compensation;

      9)     Whether Plaintiff reasonable relied on any representations made on Defendant's website prior to submitting her idea;

      10)    Whether Plaintiff suffered any mental anguish;

      11)    Damages, including exemplary damages, profits and costs.

  b. The parties proposed a discovery cutoff of March 27, 2010 for fact discovery and June 5, 2010 for expert discovery.

c. The maximum number of interrogatories by each party to opposing party is twenty-five (25). The deadline to respond to interrogatories will be thirty (30) days from date of service.

d. The maximum number of requests for admission by each party to opposing party is twenty-five (25). The deadline to respond to requests for admission will be thirty (30) days from date of service.

e. The maximum number of depositions by each party of opposing party is ten (10).

f. Depositions shall be limited to eight (8) hours, unless the parties agree otherwise.

g. Parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and a list of proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by April 24, 2010.

h. The parties do not request a conference with the Court before the Court enters the scheduling order.

i. The parties request a pretrial conference in August, 2010.

j. The parties should be allowed until November 13, 2009 to join additional parties and to amend the pleadings.

k. All potentially dispositive motions should be filed by July 9, 2010.

l. The case should be ready for trial by August 14, 2010 and at this time trial is expected to take approximately two (2) days.

5. Production of documents in response to discovery requests may be in an electronic format with documents, such as emails, in their native format.

6. If a party is claiming privilege on documents that would be responsive to discovery requests, the party shall submit a privilege log noting the date, recipient, sender and basic nature of the document in which privilege is being claimed within the time period allowed for response to the discovery request.

7. At this time and subject to entry of an applicable protective order, the parties do not anticipate any issues about disclosure or discovery of electronically stored information.

8. At this time and subject to entry of an applicable protective order, the parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials.

9. The parties agreed to submit an agreed (if possible) protective order (including any terms that offer protection beyond the form order set forth in the Local Rules) to ensure the confidentiality of information and records that are proprietary in nature and the subject of trade secrets or other privacy interests; however, if agreement to a protective order is not reachable, then the parties each reserve the right to move for entry of respective protective orders.

10. Except for a protective order and a scheduling order, the parties at this time do not know of any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

Dated: September 25, 2009

By: _____
Kenneth E. Grubbs
4241 Woodcock Dr. C-120
San Antonio, Texas 78228-1328
210-490-1292 (ph)
210-499-4587 (fax)

**ATTORNEY FOR PLAINTIFF**

*Charles W. Hanor* (signature)

By: _____
Mr. Charles W. Hanor
Ms. Rebecca K. Lively
Hanor, Lively & Cernyar
750 Rittiman Road
San Antonio, Texas 78209
Ph: (210) 829-2002
Fax: (210) 829-2001
Email: chanor@hanor.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of September, 2009 the foregoing Proposed Discovery Plan was filed using the CM/ECF system which will send notification of such filing to the following:

Kenneth E. Grubbs
4241 Woodcock Dr. C-120
San Antonio, Texas 78228-1328

                                              _____
                                              Charles W. Hanor